# EXHIBIT A

# ACROSS THE POND PROCESS SERVICE

Moorside, Moor Lane, Menston, LS29 6AS
01943 884683          jt@atpps.com
Proprietor: John Talbot

15 August 2022

The Company Officers
Tripledot Studios Limited
1-2 Charterhouse Mews
London
EC1M 6BB

Dear Sir or Madam

**Re: Class Action**

This letter accompanies a summons and complaint coming to you from a court in California, USA, with the authority of the High Court in London, in the above matter.

They have been served upon you under instruction from Graham Bridgman, Solicitor of the Senior Courts of England and Wales, in line with the terms of Article 5 of The Hague Service Convention, a treaty relating to the service of court process internationally.

This letter may be dated before the date of service.

Please contact me if you have any questions relating to the service of these papers.

Yours faithfully

**JOHN F. TALBOT**

Case No.: 37-2022-00017054-CU-NP-CTL

**NOTICE**
*(recommended by the Fourteenth Session of*
*Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

TRIPLEDOT STUDIOS LIMITED
(Company No. 10245307)
1-2 Charterhouse Mews
London EC1M 6BB
UNITED KINGDOM
– OR –
wherever defendant may be found in the United Kingdom

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Legal Aid Society of San Diego, Inc.
Main Office
110 South Euclid Avenue
San Diego, California 92114
U.S.A.
Tel. 1.619.262.0896

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Legal Aid Society of San Diego, Inc.
Main Office
110 South Euclid Avenue
San Diego, California 92114
U.S.A.
Tel. 1.619.262.0896

**EXHIBIT A**
**Page 6**

Case No.: 37-2022-00017054-CU-NP-CTL

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares
en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*
(article 5, fourth paragraph)
*(article 5, alinéa 4)*

Name and address of the requesting authority:      Tom R. McLean, Esq.
*Nom et adresse de l'autorité requérante :*      LEGAL LANGUAGE SERVICES
_____ 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A.
_____ Tel. 1.913.341.3167

Particulars of the parties*:
*Identité des parties :*      ALEXA DEFAZIO, an individual, on behalf of herself and those similarly situated. *Plaintiffs*
_____ TRIPLEDOT STUDIOS LIMITED, a foreign corporation, *Defendant*

### JUDICIAL DOCUMENT**
*ACTE JUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*      To give notice to the Defendant of the commencement of a civil claim against it
_____ and to summon it to answer or otherwise respond.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
*Nature et objet de l'instance, le cas échéant, le montant du litige :*      A civil action has been commenced against the Defendant.

Date and place for entering appearance**:
*Date et lieu de la comparution :*      Defendant has thirty (30) calendar days after service of the summons to file a written response in proper legal
form, pay a filing fee, at the Superior Court of the State of California for the County of San Diego, located at: 330 West Broadway, San Diego,
California 92101, U.S.A., and have a copy of its response served on the Plaintiff.

Court which has given judgment**:
*Juridiction qui a rendu la décision :*      N/A

Date of judgment**:
*Date de la décision :*      N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*      Within thirty (30) calendar days after service of the summons, Defendant must file with the court a
written response in proper legal form, pay a filing fee, and have a copy of its response served on the Plaintiff.  If Defendant does not file its
response on time, it may lose the case by default, and its wages, money and property may be taken without further warning from the court.

### EXTRAJUDICIAL DOCUMENT**
*ACTE EXTRAJUDICIAIRE*

Nature and purpose of the document:
*Nature et objet de l'acte :*      N/A

Time limits stated in the document**:
*Indication des délais figurant dans l'acte :*      N/A

* If appropriate, identity and address of the person interested in the transmission of the document.
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
** Delete if inappropriate.
*Rayer les mentions inutiles.*

*U.S. Government Printing Office: 1990-262-211/15302

3

EXHIBIT A
Page 7

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRIPLEDOT STUDIOS LIMITED, a foreign corporation;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALEXA DEFAZIO, an individual,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/05/2022** at 01:07:55 PM

Clerk of the Superior Court
By Martil Estrada, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Hall of Justice
330 West Broadway, San Diego, CA 92101

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| 37-2022-00017054-CU-NP-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Andrew T. Ryan, Esq. 317 Rosecrans Ave., Manhattan Beach, CA 90266 (310) 321-4800

| DATE: 05/06/2022 | Clerk, by | *M. Estrada* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | M. Estrada | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 23/AUGUST/2022

| Form Adopted for Mandatory Use | | Page 1 of 1 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| SUM-100 [Rev. July 1, 2009] | | www.courtinfo.ca.gov |

**EXHIBIT A**
**Page 8**

Andrew T. Ryan, Esq. (SBN 227700)
THE RYAN LAW GROUP
317 Rosecrans Ave.
Manhattan Beach, CA 90266
Tel: (310) 321-4800
Fax: (310) 496-1435
Andrew.ryan@theryanlawgroup.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/18/2022** at 01:42:00 PM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ALEXA DEFAZIO, an individual, on behalf of herself and those similarly situated, | Case No. 37-2022-00017054-CU-NP-CTL |
| | Assigned to: Hon. Ronald F. Frazier |
| Plaintiffs, | Dept: C65 |
| v. | **FIRST AMENDED COMPLAINT** |
| TRIPLEDOT STUDIOS LIMITED, a foreign corporation; | 1. **VIOLATION OF CAL. BUS. & PROF. CODE §17200;** |
| Defendant. | 2. **VIOLATION OF CAL. BUS. & PROF. CODE §17500;** |
| | 3. **VIOLATION OF CAL. CIV. CODE §1750;** |
| | 4. **FRAUD;** |
| | 5. **NEGLIGENT MISREPRESENTATION;** |
| | 6. **UNJUST ENRICHMENT** |
| | **CLASS ACTION** |

1    Plaintiff Alexa DeFazio, a citizen of San Diego County, individually and on behalf

2  of others similarly situated, hereby brings this Complaint for damages and Injunctive

3  Relief. Plaintiff files this suit against Triple Dot Studios Limited, a British corporation

4  ("Defendant" or "Tripeldot") alleges as follows:

5                              **INTRODUCTION**

6    1.    This lawsuit is brought on behalf of Plaintiff for having been deceived into

7  making in-game purchases of deceptively marketed in-game items in Defendant's

8  mobile application game called Blackjack ("Game").  Defendant has falsely advertised

9  price discounts for in-game purchases to mislead and induce Plaintiff and those

10  similarly situated into making in-game purchases.

11    2.    Defendant is a developer of mobile games playable on mobile devices,

12  such as iPhone and Android devices.  One Defendant's top games is Blackjack. On

13  information and belief, Defendant receives approximately $100 million in revenue per

14  year. Through "Blackjack," Defendant offers electronic casino-style blackjack to

15  consumers. Consumers play the Game on Apple iOS devices and Android Devices.

16    3.    Plaintiff and other consumers who play the Game are not required to

17  agree to any terms of use or an end user license agreement prior to playing the game.

18  Players can play Blackjack and make purchases without creating an account.

19    4.    On information and belief, over 11 million people play Defendant's games.

20    5.    Blackjack is free for consumers to download and play.  Defendants reap

21  massive profits by selling "in-app" chip bundles that range from $1.99 to $99.99.

22  However, in its direct marketing to consumers (including representations made at the

23  time of purchase), Defendant advertised false former prices to induce players into

24  believing they must take advantage of a special sale price.

25    6.    Defendant used strikethrough pricing and statements to trick consumers

26  into believing they were benefitting from limited-time promotions that substantially

27  increased the value of their in-game purchases.  These purported savings were false,

28

2
AMENDED COMPLAINT

1    however, because the stricken purported original pricing that these ads referenced were
2    fabricated.

3        7.      These purported special offers ran for months or longer.  But at no point,
4    let alone within three months of the advertised discounts, were these in-game items
5    ever actually offered at the purported original, stricken, non-discounted price.  Stated
6    differently, Defendant never sold the in-game items at the original price that was
7    stricken in the sales promotions.  It just offered false presentations of purported
8    discounts from original prices that never existed, and its players bought packs on "sale."

9        8.      Further, the advertised purported original pricing does not reflect the
10   prevailing market retail pricing for these virtual in-game items.

11       9.      The Federal Trade Commission ("FTC") describes as false former pricing
12   schemes as deceptive: "One of the most commonly used forms of bargain advertising is
13   to offer a reduction from the advertiser's own former price for an article. If the former
14   price is the actual, bona fide price at which the article was offered to the public on a
15   regular basis for a reasonably substantial period of time, it provides a legitimate basis
16   for the advertising of a price comparison. Where the former price is genuine, the bargain
17   being advertised is a true one. If, on the other hand, the former price being advertised is
18   not bona fide but fictitious - for example, where an artificial, inflated price was
19   established for the purpose of enabling the subsequent offer of a large reduction - the
20   'bargain' being advertised is a false one; the purchaser is not receiving the unusual
21   value he expects." 16 CFR §233.1(a).

22       10.     California statutory and regulatory law also expressly forbids such false
23   discounted pricing schemes: "No price shall be advertised as a former price of any
24   advertised thing, unless the alleged former price was the prevailing market price as
25   above defined within three months next immediately preceding the publication of the
26   advertisement or unless the date when the alleged former price did prevail is clearly,

27

28

AMENDED COMPLAINT

1   exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code

2   §17501.

3       11.   Defendants knew, or should reasonably have known, that its comparative

4   price advertising was false, deceptive, misleading, and unlawful.

5       12.   Defendant has fraudulently concealed from and intentionally failed to

6   disclose to Plaintiff the truth about its advertised price discounts and former prices.

7       13.   Through this false and deceptive marketing, advertising, and pricing

8   scheme, Defendant has violated California law prohibiting the advertisement of goods

9   for sale as discounted from false former prices and prohibiting misleading statements

10  about the existence and amount of price reductions.

11      14.   The claims and issues asserted herein are governed by California state

12  law. The State of California has the greatest interest in policing corporate conduct

13  occurring within the State.

14      15.   Plaintiff seeks damages, restitution, injunctive relief, punitive damages,

15  attorneys' fees, and all other relief which the Court may deem appropriate.

16

17                         **PARTIES**

18      16.   Plaintiff Alexa DeFazio is a citizen and resident of San Diego County,

19  California. She downloaded Blackjack on her iPhone from the Apple App Store in San

20  Diego County. She played the Game in San Diego County. She accessed Defendant's

21  in-game store and saw the false advertising in that store in San Diego County. She was

22  induced by the false advertising into making in-game purchases in San Diego County

23  from Defendant's in-game store.

24      17.   Plaintiff did not create an account in order to play the Game. Plaintiff was

25  not required to agree to Defendant's terms of use when downloading or playing the

26  Game for the first time. Plaintiff was not required to agree to Defendant's terms of use

27

28

4<br>AMENDED COMPLAINT

**EXHIBIT A**<br>**Page 12**

1  when making purchases from Defendant's in-game store. Plaintiff was never required
2  to click or take other action to accept Defendant's terms of use.

3      18.   On information and belief, Defendant Tripledot Games Limited is a
4  corporation organized and existing under the laws of England, with its principal place of
5  business at 90 Whitfield Street, West End, England W1T 4EZ, GB.

6                         **JURISDICTION AND VENUE**

7      19.   This Court has jurisdiction over the subject matter of this case, pursuant to
8  the California Constitution, Article VI, section 10, because this case is not given by
9  statute to any other trial courts.

10     20.   Plaintiff alleges, upon information and belief, that Defendant conducts
11 professional and commercial activities in California on a substantial, continuous, and
12 systematic basis and therefore Defendant is subject to the general jurisdiction of the
13 courts of this state.

14     21.   Plaintiff further allege, upon information and belief, that the claims
15 asserted in this complaint arise out of or are related to Defendant's professional and
16 commercial activities within California, and therefore Defendant is subject to the specific
17 jurisdiction of the courts of this state.

18     22.   Venue is proper in this court because at all relevant times Plaintiff resided
19 in the County of San Diego, California and the claims asserted in this complaint arise
20 out of acts, transactions, and conduct that occurred in whole or in part within the County
21 of San Diego, California.

22                              **FACTS**

23     23.   Blackjack is a mobile application casino-style game developed and
24 distributed by Defendant (referred to herein as "Blackjack" or "Game"). The Game is
25 available on iPhone and Android devices through the Apple App Store and Google Play
26 platforms, respectively. On information and belief, the Game is one of the top blackjack
27 games available on iPhone and Android devices.

---

5

AMENDED COMPLAINT

24.     Users of the Game receive a certain amount of free chips for use in the Game when they first download the Game and in exchange for viewing advertisements. Users can also purchase chips for use in the Game a virtual store operated by Defendant.  Users can purchase bundles of in-game chips ranging in price from $1.99 to $99.99.

25.     At various times, the Game's in-game store displays stricken original prices with purported "sale" deals. The advertisement of these bundles purportedly on sale are false, deceptive and intended to mislead players into making in-app purchases that they otherwise would not have made.  Defendant falsely promotes these bundles as being on sale or discounted by misrepresenting that such bundles normally offer substantially less value than the advertised deal.

26.     Defendant's false strikethrough ads display an amount of chips, with a strikethrough line, and then in larger, bold-faced font, a larger amount of chips, implying that the bundle normally contains a smaller amount of chips for the same price.  For example, a $4.99 bundle may have 70,000 chips with a strikethrough line over that number and display in bigger, bolder numbers showing 100,000 chips as the current sale deal.  The intended message is that the bundle typically contains only 70,000 chips for that price but is now being offered with more chips at the same price.  An example of such a display for the Game is shown below:



6
AMENDED COMPLAINT

27.     These false strikethrough ads are used to sell bundles in the Game on a daily basis.  On information and belief, these bundles never offered the lower amount of chips for the displayed price.  The false strikethrough ads apply across multiple price points in the Game, including the $4.99 bundle, $9.99 bundle, $19.99 bundle, $49.99 bundle and $99.99 bundle.

28.     The $49.99 bundle further includes a banner saying "Special Offer." On information and belief, this "special offer" has been available in the Game at all times. On information and belief, the stricken through chip count for that price has never been offered or been the prevailing deal offered.

29.     Defendant had actual knowledge that the false strikethrough ads contained false or misleading misrepresentations as to their prior values.  Defendant designed and promoted these advertisements while having actual knowledge that these quantitative representations of sale values were false.

30.     These chips are critical to the Game, as they may be necessary for the players to continue playing and enjoyment of the casino-style blackjack once they inevitably lose all of their virtual chips and access to free chips on a given day.

31.     Defendant promoted these advertisements to induce players to purchase the chip bundles all the while knowing that the bundles contained quantitative misrepresentations with respect the value of chips displayed.

32.     The amount of chips included in a bundle, and whether the bundle being offered for sale represents a good value and outsized amount of chips a player is receiving for his or her purchase with the corresponding bundle, is a material consideration when a player decides whether to purchase a bundle.

33.     Plaintiff and those similarly situated reasonably relied on the strikethrough pricing when purchasing bundles promoted through false strikethrough ads.  Had Plaintiff and those similarly situated known the strikethrough pricing was false, Plaintiff

1    would not have purchased some or all of the bundles promoted through false

2    strikethrough ads.

3        34.    The false strikethrough ads are violative of 16 CFR §233.1(a) because the

4    former, stricken, deals displayed in the false strikethrough ads are not "actual, bona fide

5    price at which the article was offered to the public on a regular basis for a reasonably

6    substantial period of time."  Rather, the false strikethrough ads display former bundles

7    that are "fictitious" and with "an artificial, inflated price" for the purpose of creating the

8    false perception to the consumer "of a large reduction."  The false strikethrough ads

9    promote a false bargain where "the purchaser is not receiving the unusual value he

10   expects." *Id.*

11       35.    The false strikethrough ads are also violative of Cal. Bus. & Prof. Code

12   §17501, because the former bundle and price advertised were never "the prevailing

13   market price … within three months next immediately preceding the publication of the

14   advertisement."  Nor do the false strikethrough ads "clearly, exactly and conspicuously

15   stated in the advertisement" when such former prices were prevailing.

16                          **APPLICABLE LAW**

17       36.    Plaintiff is a citizen and resident of San Diego County, California. She

18   downloaded and played the Game in California. She made purchases from the Game

19   store in California.

20       37.    California's substantive laws may be constitutionally applied to the claims

21   of Plaintiff under the Due Process Clause, 14th Amend. §1, and the Full Faith and Credit

22   Clause, Art. IV §1 of the U.S. Constitution. California has significant contacts, or

23   significant aggregation of contacts, to the claims asserted by Plaintiff, thereby creating

24   state interests that ensure that the choice of California state law is not arbitrary or unfair.

25       38.    The application of California laws is also appropriate under California's

26   choice of law rules because California has significant contacts to the claims of Plaintiff,

27

28

and California has a greater interest in applying its laws here than any other interested state.

## CLASS ALLEGATIONS

39.     Plaintiff brings this action on her own behalf and on behalf of a Class and one Subclass, pursuant to Cal. Code. Civ. Proc. §382, Cal. Civ. Code §1781, and Cal. Bus. & Prof. Code §17203, defined as below:

The Class:

All individuals located within the United States who, during the applicable limitations period, made a purchase of a Blackjack chip bundle using real-world currency priced at $4.99 or higher.

The California Subclass:

All individuals located within the state of California, who, during the applicable limitations period, made a purchase of a Blackjack chip bundle using real-world currency priced at $4.99 or higher.

40.     Excluded from the Class and Subclass are Defendants, their affiliates, parents, subsidiaries, employees, officers, agents and directors.  Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staffs.

41.     This case is appropriate for class treatment because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42.     **Adequacy**. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass (collectively, the "Class"). Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other Class and Subclass members, and have

the financial resources to do so.  Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class or Subclass.

43. **Numerosity**. The members of the Class and Subclass are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Class and Subclass is unknown to Plaintiff at this time; however, it is estimated both the Class and Subclass number in the hundreds, if not thousands.  The identity of such membership is readily ascertainable via inspection of Defendant's books and records or other approved methods.  Similarly, Class members may be notified of the pendency of this action by mail, email, internet postings, publications and/or in-game messaging.

44. **Common Questions of Law or Fact:** There are common questions of law and fact as to Plaintiff and all other similarly situated persons, which predominate over questions affecting only individual Class members, including, without limitation:

a. Whether Defendant engaged in the conduct alleged in the Complaint;

b. Whether Defendant violated the applicable statutes alleged herein;

c. Whether Defendant designed, advertised, marketed, distributed, sold, or otherwise placed Blackjack into the stream of commerce in the United States and California;

d. Whether Defendant engaged in conduct directed to the State of California;

e. Whether Defendant's presentation of stricken values in its advertising of in-game purchases are misleading to a reasonable consumer;

f. Whether Plaintiff and members of the Classes were injured and harmed directly by Defendant's false advertising;

g. Whether Plaintiff and members of the Classes are entitled to damages due to Defendant's conduct as alleged in this Complaint, and if so, in what amounts;

h.  Whether Plaintiffs and members of the Classes are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint.

45.    **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Classes because, among other things, Plaintiff and all Class members were comparably injured through Defendants' misconduct described above.  As alleged herein, Plaintiff, like the members of the Class and Subclass, was deprived of monies that rightfully belonged to them by Defendants.  Further, there are no defenses available to Defendants that are unique to Plaintiff.

46.    **Superiority:** The nature of this action and the laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Moreover, the prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Defendants, and which would establish potentially incompatible standards of conduct for Defendant and/or legal determinations with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

## FIRST CLAIM FOR RELIEF

### Violation of California's Unfair Competition Law ("UCL")

### Cal. Bus. & Profession Code §17200 *et seq.*

47.     Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

48.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

49.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

50.     A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

51.     Defendant has violated the "unlawful" prong under the UCL and has engaged in "unfair, deceptive, untrue or misleading" advertising.

52.     The Federal Trade Commission Act prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. §45(a)(1)) and specifically prohibits false advertisements. 15 U.S.C. §52(a). FTC Regulations describe false former pricing schemes-similar to Defendant's False Sale Packs and False Gold Strikethrough Packs in all material respects-as deceptive practices that would violate the FTC Act.

53.     16 C.F.R. §233.1 states:

> (a) One of the most commonly used forms of bargain
> advertising is to offer a reduction from the advertiser's own
> former price for an article. If the former price is the actual,

bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious - for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction - the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith - and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $___"), unless substantial sales at that price were actually made.

54.     California law also prohibits false former pricing schemes. Cal. Bus. Code. §17501 entitled "Value determinations; Former price advertisements," states:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

55.     California's False   Advertising   Law also prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," Cal. Civ. Code §1770(a)(9), and prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." *Id.* §(a)(13).

56.     Defendant's false strikethrough ads violate the unlawful prongs of the UCL since they violate 16 C.F.R. §233.1, Cal. Bus. Prof. Code §1750, Cal. Civ. Code §§1770(a)(9) and (a)(13).

57.     Defendant has also violated the "unfair" prong of the UCL by falsely representing that its consumers received a discount from a referenced "original" former value shown in its false strikethrough ads.  In fact, Defendant displayed an arbitrary deal

for the goods contained in these bundles and then falsely pretended the bundles had been offered for sale at a value less than their "sale" value.

58.    The gravity of the harm to Plaintiff and those similarly situated resulting from these unfair acts and practices outweighs any conceivable reasons, justifications, or motives that Defendant may have had for engaging in such deceptive acts and practices.

59.    Additionally, Defendant has violated the "fraudulent" prong of the UCL because its marketing and advertising materials included false "original" prices in its false strikethrough ads. In actuality, the bundles were never sold at the original chip count for the displayed price.

60.    Defendant's acts and practices deceived Plaintiff and those similarly situated. Specifically, Plaintiff and those similarly situated relied on these misleading and deceptive representations regarding the "sale" value presented for these in-game purchases. Each of these representations and deceptions played a substantial role in the decision of Plaintiff and those similarly situated to purchase the packs. Plaintiff and those similarly situated would not have made some or all of their purchases in the absence of such representations.

61.    As a result of these violations under each of the fraudulent, unfair, and unlawful prongs of the UCL, Defendant has been unjustly enriched at the expense of Plaintiff and those similarly situated. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading, and deceptive conduct.

62.    Through its unfair acts and practices, Defendant has improperly obtained money from Plaintiff and those similarly situated. As such, Plaintiff, on behalf of herself and the Class and Subclas, requests that this Court cause Defendant to restore this money to Plaintiff, the Class and Subclass, and to enjoin Defendant from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Plaintiff and

1  members of the Class and Subclass may be irreparably harmed and/or denied an
2  effective and complete remedy if such an order is not granted.

3
                           **SECOND CLAIM FOR RELIEF**
4
                **Violation of California False Advertising Law ("FAL")**
5
                 **Cal. Business & Professional Code §17500 *et seq.***
6
7       63.    Plaintiff incorporates by reference all allegations in this Complaint and
8  restates them as if fully set forth herein.

9       64.    The   FAL   prohibits unfair, deceptive, untrue, or misleading advertising,
10  including, but not limited to, false statements as to worth, value, and former price.

11      65.    Furthermore, the FAL provides that: "No price shall be advertised as a
12  former price of any advertised thing, unless the alleged former price was the prevailing
13  market price as above defined within three months next immediately preceding the
14  publication of the advertisement or unless the date when the alleged former price did
15  prevail is clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. &
16  Prof. Code §17501.

17      66.    The false strikethrough ads misrepresent the existence of a sale whereby
18  players can purchase purportedly more chips in a bundle than the prevailing bundle.

19      67.    Through its unfair acts and practices, Defendant has improperly obtained
20  money from Plaintiff, the Class and Subclass. As such, Plaintiff requests that this Court
21  cause Defendant to restore this money to Plaintiff and Class members and to enjoin
22  Defendant from continuing to violate the FAL, and/or from violating the FAL in the future.
23  Otherwise, Plaintiff and members of the general public may be irreparably harmed
24  and/or denied an effective and complete remedy if such an order is not granted.

25
                            **THIRD CLAIM FOR RELIEF**
26
             **Violation of the California Consumer Legal Remedies Act ("CLRA")**
27
                        **Cal. Civ. Code. §1750 *et seq.***
28

                                       16
                              AMENDED COMPLAINT

68.     Plaintiff incorporates by reference all allegations in this Complaint and restate them as if fully set forth herein.

69.     Plaintiff is a consumer within the meaning of Cal. Civ. Code §1761(d) and have engaged in a transaction within the meaning of Cal. Civ. Code §§1761(e) and 1770.

70.     Defendant is a "person" within the meaning of Cal. Civ. Code §§1761(c) and 1770 and sells "goods or services" within the meaning of Cal. Civ. Code §§1761(b) and 1770.

71.     The Game and the in-app purchases are a "good" or "service" within the meaning of Cal. Civ. Code. §§1761(a) and (b).

72.     Defendant has violated §1770(a)(13)'s proscription against making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions by misrepresenting the existence of chip discounts via false strikethrough ads.

73.     Plaintiff and the Class members suffered actual damages as a direct and proximate result of Defendant's actions, concealment, and/or omissions in the advertising, marketing, and promotion of its Game, in violation of the CLRA, as evidenced by the substantial sums Defendant pocketed.

74.     Plaintiff, on behalf of herself the Class and Subclass, demands judgement against Defendant for injunctive relief and attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Fraud

75.     Plaintiff incorporates by reference all allegations in this Complaint and restate them as if fully set forth herein.

76.     Defendant represented to Plaintiff and individuals similarly situated that various in-game purchases were on sale in that they gave a higher amount of chips.

77.    These representations were known by Defendant to be false because the bundles were never offered at the purported "normal" amount of chips and the items were perpetually on "sale."

78.    Defendant designed the graphical images on the advertisements in a way that intentionally attracted Plaintiff and those similarly situated to the enticing but false claims regarding chip and gold amounts and the existence of sales.

79.    Plaintiff and those similarly situated reasonably relied upon the claims made in the advertisements in deciding to purchase the aforementioned bundles.

80.    Upon purchasing the bundles, Plaintiff and the Class members were harmed because, had they known the advertising claims were false, they would not have made some or all of the purchases.

81.    Reliance on Defendant's misrepresentations in its bundle advertisements was a substantial factor in causing harm to Plaintiff and those similarly situated.

82.    Defendant's  conduct has  therefore caused and is causing immediate and irreparable injury to Plaintiff and the putative Class and will continue to both damage Plaintiff and deceive Class members unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### Negligent Misrepresentation

83.    Plaintiff incorporates by reference all allegations in this Complaint and restate them as if fully set forth herein.

84.    Defendant represented to Plaintiff that various purchased bundles were on sale in that they gave a higher amount of chips than normal and that special "sale" versions of the bundles were not identical in item quantities to their normal counterparts.

85.    These representations were false because the bundles were never offered at the non-sale deal.

86. Defendant designed the graphical images on the advertisements in a way that intentionally attracted Plaintiff and Class members to the enticing but false claims regarding chip amounts and the existence of sales.

87. Defendant's conduct has therefore caused and is causing immediate and irreparable injury to Plaintiff and the Class and will continue to both damage Plaintiff and deceive the Class members unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendant as follows:

A. Certifying the proposed Class and Subclass defined herein;

B. Appointing Plaintiff as Class Representative;

C. Appointing counsel for Plaintiff as Class Counsel;

D. Declaring Defendants' conduct to be unlawful;

E. Awarding Plaintiff and Class members compensatory damages and actual damages in an amount to be determined by proof;

F. Awarding Plaintiff and Class members actual and statutory damages;

G. Disgorging Defendant of its unjust profits;

H. For punitive damages;

I. For civil penalties;

J. For declaratory and equitable relief, including restitution and disgorgement;

K. For an order enjoining Defendant from continuing to engage in the wrongful acts and practices alleged herein;

L. Awarding Plaintiff the costs of prosecuting this action, including expert witness fees;

M. Awarding Plaintiff reasonable attorney's fees and costs as allowable by law;

N. Awarding pre-judgment and post-judgment interest; and

O. Granting any other relief as this Court may deem just and proper.

**EXHIBIT A**
**Page 27**

DATED: July 18, 2022

THE RYAN LAW GROUP

_Andrew T. Ryan_
Attorney for Plaintiff

1

## JURY DEMAND

2   Plaintiff hereby demands a jury trial on all issues and claims so triable.

3

4   DATED: July 18, 2022

5                                               THE RYAN LAW GROUP

6

7                                               Andrew T. Ryan
                                                Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

21

AMENDED COMPLAINT

**EXHIBIT A**
**Page 29**

| | CM-010 |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Andrew T. Ryan, Esq. (SBN 227700)
The Ryan Law Group
317 Rosecrans Avenue Manhattan Beach, CA 90266

TELEPHONE NO.: (310) 321-4800   FAX NO. *(Optional):* (310) 496-1435
ATTORNEY FOR *(Name):* Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Alexa DeFazio v. TripleDot Studios Limited

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/05/2022** at 01:07:55 PM

Clerk of the Superior Court
By Marfil Estrada, Deputy Clerk

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2022-00017054-CU-NP-CTL |
| | | | JUDGE: Judge Carolyn Caietti |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] *Fraud* (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 5, 2022

Andrew T. Ryan, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**EXHIBIT A**
**Page 30**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**                                                         Page 2 of 2

**EXHIBIT A
Page 31**

BatchPrintExtract_01.csv-125-000000666

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER: (619) 450-7065

FOR COURT USE ONLY

PLAINTIFF: Alexa DeFazio

DEFENDANT: TripleDot Studios Limited

Short Title: DeFazio vs TripleDot Studios Limited [IMAGED]



**NOTICE OF CASE REASSIGNMENT**

CASE NUMBER:
37-2022-00017054-CU-NP-CTL

**Filed :** 05/05/2022

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED FOR ALL PURPOSES:**

to Judge Ronald F. Frazier, in Department C-65

due to the following reason:   170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER .

**EXHIBIT A**
**Page 32**

BatchPrintExtract_01.csv-126-000000666

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** DeFazio vs TripleDot Studios Limited [IMAGED]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2022-00017054-CU-NP-CTL |
|---|---|



I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 05/16/2022. The mailing occurred at Gardena, California on 05/17/2022.

Clerk of the Court, by: _V. Woodard_
V. Woodard
_____ , Deputy

ANDREW RYAN
THE RYAN LAW GROUP
317 ROSECRANS AVENUE
MANHATTAN BEACH, CA 90266

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

**EXHIBIT A**
**Page 33**

BatchPrintExtract_01.csv-124-000000666

Superior Court of California, County of San Diego
Central
330 West Broadway
San Diego, CA 92101

000124  000000666

ANDREW RYAN
THE RYAN LAW GROUP
317 ROSECRANS AVE
MANHATTAN BEACH CA 90266-3241





**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00017054-CU-NP-CTL      CASE TITLE: DeFazio vs TripleDot Studios Limited [IMAGED]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **_and_**
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**EXHIBIT A**
**Page 35**

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):  Alexa DeFazio |
|---|
| DEFENDANT(S): TripleDot Studios Limited |
| SHORT TITLE:   DEFAZIO VS TRIPLEDOT STUDIOS LIMITED [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2022-00017054-CU-NP-CTL |
|---|---|

Judge: Carolyn Caietti                                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)          ☐  Non-binding private arbitration

☐  Mediation (private)                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)          ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____      Date: _____

_____          _____
Name of Plaintiff                         Name of Defendant

_____          _____
Signature                             Signature

_____          _____
Name of Plaintiff's Attorney                Name of Defendant's Attorney

_____          _____
Signature                             Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  05/06/2022    _____
                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

**EXHIBIT A**
**Page 37**